**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Boeing Company, | No. CV-20-00271-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| MD Helicopters Incorporated, | |
| Respondent. | |

Petitioner Boeing Company ("Petitioner") previously filed an unopposed petition and motion to confirm a favorable arbitration award against Respondent MD Helicopters Incorporated ("Respondent") with this Court. (Docs. 1, 5). The Court granted the motion and petition, which each contained requests for reasonable attorneys' fees and costs incurred in obtaining confirmation of the award. (Docs. 1 at 7; 5 at 5; 13 at 4–5). Petitioner has since filed its application for fees and costs. (Doc. 15). Yet again, Respondent offers no opposition.

All told, Petitioner seeks recovery for 16.3 hours spent on the documents submitted to the Court in pursuit of confirming the arbitration award. (Doc. 15-2 at 2). After reviewing the list of entries for which Petitioner seeks fees, and considering the factors outlined in LRCiv. 54.2(c)(3), the Court concludes that the time worked and the rates charged[1] are

---

[1] Counsel for Petitioner billed $499.80 an hour until promoted to partner, when his hourly fee increased to $519.80. (Doc. 15-1 at 2). The paralegal who assisted him billed $294.50 an hour. (*Id.*). Although counsel's uncontradicted declaration is itself evidence of the reasonableness of these hourly rates, the Court independently notes that they are in line with recent cases in this district discussing the rates of experienced attorneys and paralegals involved in complex litigation. *See, e.g.*, *Excel Fortress Ltd. v. Wilhelm*, No. CV-17-04297-

reasonable with one exception. A reasonable award of attorneys' fees typically does not include fees incurred for time spent filing papers. *See, e.g.*, *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019). Unless the fee applicant demonstrates attorneys in the forum district customarily bill such secretarial work separately, the usual assumption is that it is subsumed in a law firm's overhead. *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Redlands Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006); *see also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Even then, secretarial work should not be billed at an attorney's rate. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Given the absence of any such showing from Petitioner's counsel, the Court will deduct $415.84 charged for the 0.8 hours of time counsel spent filing papers.

As for the remaining hours, given the lack of any opposition, the Court will adhere to the usual course of "defer[ring] to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case," *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (second alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)), and find those hours reasonable.

Accordingly,

IT IS ORDERED that Petitioner Boeing Company's Unopposed Application for Fees and Costs (Doc. 15) is GRANTED IN PART AND DENIED IN PART. Petitioner is awarded $7,568.42 in fees. Petitioner's request for costs is DENIED for lack of procedural compliance with LRCiv. 54.1.

Dated this 22nd day of April, 2020.

James A. Teilborg
Senior United States District Judge

---

PHX-DWL, 2019 WL 5294837, at *4 (D. Ariz. Oct. 18, 2019); *Kaufman v. Warner Bros. Entm't Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *13 (D. Ariz. May 13, 2019); *Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119-PHX-JAT, 2016 WL 5118316, at *15 (D. Ariz. Sept. 21, 2016).